MYRA SANFORD, RESPONDENT, v. BELA SANFORD, ADMINISTRATOR, APPELLANT.

*Idiocy — adjudication of — Statute of limitations.*

An outstanding adjudication of idiocy against an intestate at the time of his death, even with a trustee over his estate still living, does not operate to take a debt due from him out of the statute of limitations, when the time therein mentioned has elapsed since the idiot's death.

THIS was an appeal from a judgment, entered on the finding of a referee appointed pursuant to statute, on a claim presented against the estate of defendant's intestate.

*S. C. Keeler,* for the appellant.

*B. C. & C. M. Woodward,* for the respondent.

JAMES, J. :

The facts found by the referee were not disputed.  The principal question was, whether the claim presented by plaintiff against the estate of the decedent, was barred by the statute of limitations.

---

It appeared that the intestate, Warren Sanford, died December 9, 1864; and that defendant was appointed administrator of his estate, November 19, 1870. In July, 1847, said Warren had been adjudged an idiot, and one Lewis Sanford appointed committee of his person and estate. In November, 1854, said committee died, and no new committee was ever appointed, although the idiocy continued until said intestate's death.

From the death of said committee until the death of said idiot, the plaintiff boarded, clothed and cared for said idiot, and furnished him with medical care and attendance, and, after his death, paid the funeral expenses ; and it was for the services and expenses that she made the claim in this case. It further appeared that said intestate was the owner of a small piece of land, of which plaintiff had the use from 1854 to 1864, showed to be worth sixty-three dollars per year, the ten years' use of which plaintiff allowed, as a credit on said claim, leaving due her, over $2,000.

This claim of plaintiff was of that character, which, in ordinary cases, is barred at the end of six years ; but it was claimed that as the intestate had been in charge of a committee under a decree of idiocy, and the committee had died before any of the services claimed for had been rendered, and there was no one who could be sued before defendant's appointment as administrator, the cause of action did not accrue, nor the statute of limitations commence to run, until there was some one against whom an action could be brought, and hence, no part of plaintiff's claim was barred. However this might be on the question of plaintiff's right to recover for more than six years' services, previous to the intestate's death, had the action been otherwise soon enough brought, it in no way affects the case as now presented.

The fact of an outstanding decree of idiocy against the intestate at the time of his death, even with a trustee over his estate still living, would not operate to take the case out of the ordinary course, after the idiot's death. On the death of an idiot or lunatic, the power of any trustee appointed over his estate ceases, and the real estate descends to his heirs, and the personal estate is to be distributed to his next of kin, in the same manner as if no committee or trustee had ever been appointed.* So that in this case as the

* 2 R. S., 55, § 25.

services and expenses for which the plaintiff claims pay, terminated on the death of the intestate, the statute commenced to operate from that date.

The question then is, was this action commenced within the period required after the intestate's death. The filing of the stipulation, and entry of the order of reference, must be deemed the commencement of the action.* This action was not commenced until December 31, 1872.

The Code requires all actions upon a contract, obligation, or liability, express or implied, excepting actions upon sealed instruments, judgments and decrees of courts, to be commenced within six years after the cause of action shall have accrued.† The exceptions to this rule, as applicable to this case, are those provided by 2d Revised Statutes, page 448, section 8, and section 102 of the Code. The former enacts that the term of eighteen months after the death of any testator or intestate, shall not be deemed any part of the time limited by law for the commencement of an action against his executors or administrators. Under this statute, an action like this might be commenced against the administrator at any time within seven years and six months after the death of the intestate. But the difficulty is that this action was not commenced within that period; not until eight years after the intestate's death.

Section 102 of the Code provides, that "if a person against whom an action may be brought, die before the expiration of the time limited for the commencement thereof, and the cause of action survive, an action may be commenced against his executors or administrators after the expiration of that time, and within one year after the issuing of letters testamentary or of administration."

But the difficulty again, is, that although six years, less one day, were suffered to elapse after the intestate's death before issuing letters of administration upon his estate, yet this action against such administrator was not commenced until more than two years after such appointment; so that in neither case is the action brought within the exceptions to the general rule; and the statute seems to prove a complete bar to plaintiff's claim.

* Bucklin v. Chapin, 1st Lansing, 443–449; Tracy v. Suydam, 30 Bar., 110, 111.
† Code, §§ 74, 91.

This is to be regretted, as the claim seems meritorious, and is one that ought to be paid from the decedent's estate. But the plaintiff has slept too long upon her rights for the court to give her any relief.

Judgment reversed, and new trial granted, costs to abide the event.

Present—Miller, P. J., and James, J.

Judgment reversed, and new trial granted, costs to abide the event.